UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMANTHA MORGAN, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 1:25-cv-00960-TWP-MG |
| FRANKLIN COUNTY SHERIFF DEPARTMENT, DEBBIE MEYER, JAMIE BRIDGES, AMBER WIWI, TYLER GAY, TASHA COX, ABIGAIL HAHN, ANDREW ZEISER, QUALITY CORRECTIONAL CARE, LLC, | ) |
|                 Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendants' Rule 12(b)(6) Partial Motion To Dismiss State Law Claims for Failure to State a Claim. (Dkt. 38). Tragically, Jacob Morgan ("Morgan") died by suicide on May 8, 2023, while in the custody of the Franklin County Sheriff's Department at the Franklin County Security Center. Plaintiff Samatha Morgan, as the Personal Representative of the Estate of Jacob Morgan ("The Estate"), has sued the Franklin County Sheriff's Department, Officer Amber Wiwi, Officer Tyler Gay, Dispatcher Tasha Cox, Dispatcher Abigail Hahn, and Officer Andrew Zeiser (collectively, "County Defendants"), as well as the medical provider for the security center (Quality Correctional Care ("QCC")), and QCC employees Debbie Meyer and Jamie Bridges, for their failure to prevent Morgan's death. The County Defendants have moved to

dismiss Counts III, the state-law wrongful death and Count IV, negligence – for failure to state a claim. As explained below, this partial motion to dismiss, is **granted in part and denied in part**.

## I.     STANDARDS GOVERNING MOTIONS TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

## II.     SUMMARY OF RELEVANT ALLEGATIONS AND CLAIMS

### A.     Morgan's Suicide and the Preceding Events

On May 4, 2023, Morgan was arrested by Franklin County Sheriff's Deputies and booked into the Franklin County Security Center with charges of domestic battery, disorderly conduct, and possession of drug paraphernalia. Dkt. 36, ¶ 15. At booking, his emotions were very erratic, and he informed jail staff that he had both used drugs within the last 12 hours and previously attempted suicide. *Id.*, ¶ 16. After being informed that he was being charged with a Level 6 Felony, Morgan stated, "I know what I have to do." *Id.* ¶ 17. Interpreting this statement as indicating that Morgan was potentially suicidal, jail officers placed him in holding cell #13 which was equipped with a camera. *Id.*

On May 6, 2023 jail officers were notified that Morgan had tied a sheet around his neck in a noose-like fashion. *Id.*, ¶ 18. The on-call mental health professional was notified of the suicide attempt and approved Morgan's placement for Level 1 suicide watch. *Id.*, ¶ 19. In addition to video monitoring and visual checks every 15 minutes by jail officers, Level 1 suicide watch also required

that Morgan be housed in a padded cell with normal bedding removed and issued a suicide smock. *Id.* ¶ 18.

On May 7, 2023 a different on-call mental health professional conducted an evaluation of Morgan, noting that he had "calmed down," accepted medications, and was eating and drinking. *Id.*, ¶ 20. Even though a comprehensive suicide risk assessment was not conducted, nor was his suicidal history reviewed, the mental health professional recommended downgrading Morgan from a Level 1 to a Level 2 suicide watch. *Id.*, ¶¶ 21-22. The other mental health professional approved this recommendation without personally evaluating Morgan. *Id.*, ¶ 22. Morgan was placed in a regular holding cell with no padding, was provided access to normal bedding, and only had visual checks once every 30 minutes by jail officers. *Id.*, ¶ 21.

On May 8, 2023 Morgan was housed in video monitored holding cell #11 and was checked on by Officer Tyler Gay around 6:38 p.m. *Id.*, ¶¶ 24-25. Morgan requested to take a shower and make a phone call. *Id.*, ¶ 25. Officer Gay said he would come back shortly, but he did not return. *Id*. Around 7:07 p.m., Officer Amber Wiwi found Morgan hanging from a sheet tied to a ceiling vent. *Id.*, ¶ 26. Video footage shows that Morgan tied the bed sheet to the ceiling vent and around his neck without any intervention from jail staff. *Id.*, ¶ 27. The County Defendants were responsible for monitoring the video surveillance of Morgan's cell but failed to observe or intervene in his suicidal actions in time to prevent his death. *Id.*, ¶ 28. Shortly after Morgan was found, an employee of the Franklin County Sheriff's Department made a phone call on a recorded line where they admit to watching Netflix instead of monitoring Morgan's cell. *Id.*, ¶ 29. The video footage shows that it took more than 10 minutes for Morgan to tie a noose, locate a suitable anchor point, and take his life. *Id.*, ¶ 30.

### B.     The Defendants' Alleged Acts and Omissions[1]

The Franklin County Sheriff's Department operates the Franklin County Security Center and is responsible for the care, custody, and control of the persons housed therein. *Id.*, ¶ 6. At all times relevant to this case, Morgan was a pretrial detainee at Franklin County Security Center.

Defendants Amber Wiwi, Tyler Gay, and Andrew Zeiser were employed as jail officers at the Franklin County Security Center. *Id.*, ¶¶ 10-11, 14. Defendants Tasha Cox and Abigail Hahn were employed as dispatchers at the Franklin County Security Center. *Id.*, ¶¶ 12-13. Each of these jail staff members were aware that Morgan was on suicide watch and posed a serious risk of harm to himself after attempting suicide two days earlier. *Id.*, ¶ 37. The Estate alleges that their conduct was objectively unreasonable when they (1) failed to conduct timely and thorough checks of Morgan as required by Level 2 suicide watch protocol; (2) failed to adequately monitor the video surveillance of Morgan's cell; (3) failed to respond to Morgan's request for a shower and a phone call; (4) failed to properly inspect Morgan's cell for items that could be used in a suicide attempt, including the ceiling vent; (5) failed to remove the plastic comb that Morgan used to manipulate the sheet into the ceiling vent; and (6) failed to take immediate action when they observed Morgan engaging in behavior consistent with a suicide attempt. *Id.*, ¶ 38.

### C.     Claims at Issue

Count III of the Second Amended Complaint alleges that under Indiana tort law, Morgan's wrongful death was caused by the actions and omissions of all the Defendants' actions and omissions which were negligent, grossly negligent, reckless and/or objectively unreasonable. *Id.*, ¶¶ 40-42. County Defendants move to dismiss the claims against them in Count III.

---

[1] The Court summarizes only the allegations against the individual defendants who have moved to dismiss claims against them.

Count IV of the Second Amended Complaint alleges that under Indiana state-law, all the Defendants were negligent when they breached their duty of care to Morgan when they failed to properly assess his risk of suicide, implement adequate suicide prevention measures, properly monitor him while on suicide watch, and respond to signs that he was at imminent risk of suicide. *Id*., ¶¶ 43-46. County Defendants move to dismiss the claims against them in Count IV.

### III.     COUNTY DEFENDANTS' MOTION TO DISMISS

#### A.     Wrongful Death and Negligence Claims Against Franklin County Sheriff's Department

Defendant Franklin County Sheriff's Department argues that Indiana law provides them immunity from the Estate's state-law wrongful death and negligence claims because Morgan was subject to a Court order finding probable cause for his arrest and detention. (Dkt. 39 at 1-2). But state actors are not entitled to immunity under the Indiana Tort Claims Act where their misconduct constitutes "gross negligence." Ind. Code § 34-13-3-3(a)(17)(C)(i).

As defined by the Indiana Supreme Court "gross negligence" is "[a] conscious, voluntary act or omission in reckless disregard of . . . the consequences to another party." *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 465 (Ind. 2003) (quoting Black's Law Dictionary 1057 (7th ed. 1999)). The Estate must allege facts sufficient to show that Franklin County Sheriff's Department breached its duty to exercise reasonable care "by engaging in a conscious, voluntary act or omission in reckless disregard to the consequences" to Morgan. *Id*. at 466; dkt. 39 at 9.

In support of its gross negligence claim, the Estate alleges that a jail employee conceded that she was watching Netflix instead of the jail monitors, and thus failed to notice Morgan's suicidal preparation, and eventual suicide. (Dkt. 42 at 4-5). Defendants argue that this allegation, even if true, fails to establish gross negligence, which requires more than ordinary negligence.

(Dkt. 43 at 3). The Defendants argue that none of the alleged facts show that the Franklin County Sheriff's Department or its employees knew or consciously disregarded any specific risk. *Id*. at 4.

The Court does not agree. The Estate has plausibly alleged that a Franklin County Sheriff's Department employee made a conscious, voluntary decision to watch Netflix in reckless disregard to the consequences and safety of a Level 2 Suicidal detainee, who was to be monitored both in person every thirty minutes and by video monitoring. Thus, the motion to dismiss fails as to the Plaintiff's state-law wrongful death and negligence claims.

> **B.     Negligence Claim Against Defendants Amber Wiwi, Tyler Gay, Tasha Cox, Abigail Hahn, and Andrew Zeiser**

Defendants Amber Wiwi, Tyler Gay, Tasha Cox, Abigail Hahn, and Andrew Zeiser argue that the state-law negligence claim against them fails as a matter of law and must be dismissed because they are immune to state-law tort claims under Indiana law in their individual capacities.

Actions against an employee in their individual capacity are barred when a lawsuit alleges that they acted within the scope of their employment. Ind. Code § 34-13-3-5(b). This is the case except when the plaintiff alleges that the actions of the employee are "(1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally," and the "complaint must contain a reasonable factual basis supporting the allegations." Ind. Code § 34-13-3-5(c).

Defendants argue the Estate has not made allegations that fit into the categories that provide exception to the immunity bar. (Dkt. 39 at 13). In response, the Estate concedes that "[b]ecause the individual Defendants were acting within the course and scope of their employment at all relevant times . . . the Estate agrees that Count IV should be dismissed against Defendants Amber Wiwi, Tyler Gay, Tasha Cox, Abigail Hahn, and Andrew Zeiser." (Dkt. 42 at 5). Because the Estate did not allege that the actions of County Defendant employees are excepted, and both Parties

agree that the claim should be dismissed, the state-law negligence claim is **dismissed** as to Amber Wiwi, Tyler Gay, Tasha Cox, Abigail Hahn, and Andrew Zeiser.

## IV.    CONCLUSION

Defendants' Rule 12(b)(6) Partial Motion To Dismiss State Law Claims for Failure to State a Claim, Dkt. [38], is **GRANTED in part** as to the state-law negligence claim against Defendants Amber Wiwi, Tyler Gay, Tasha Cox, Abigail Hahn, and Andrew Zeiser, and **DENIED in part** as to the state-law wrongful death and negligence claims against Franklin County Sheriff's Department.

**IT IS SO ORDERED.**

Date: 2/10/2026

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel